UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEILA CUNNINGHAM,
Plaintiff,

v. Case No.: 8:16-cv-800-T-23AEP

CITY OF ST. PETERSBURG, FLORIDA,
ST. PETERSBURG POLICE DEPARTMENT,
Defendant.
_______________________________/

FILED
2016 APR -4 PM 2:53
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff, SHEILA CUNNINGHAM ("Cunningham") and hereby sues the City of St. Petersburg, Florida, more specifically the St. Petersburg Police Department, and states as follows:

**THE PARTIES**

1. I am a black female over 40 years of age, who is a citizen of the United States of America and is a resident of Pinellas County, Florida.

2. I was hired by the St. Petersburg Police Department (SPPD) in the position of Data Entry in the Records Department in June 1998.

3. My final position with the St. Petersburg Police Department was as a Traffic Specialist.

4. At all times relevant to this lawsuit, I was a resident of Pinellas County, Florida.

5. St. Petersburg Police Department is a subdivision of the City of St. Petersburg, Florida.

6. The Department employs more than twenty-five (25) employees.

7. Department's principal place of business is located at 1300 First Avenue, North, St. Petersburg, Florida 33705.

8. As previously mentioned above, The SPPD is a part of and falls under the auspices of the City of St. Petersburg.

9. The City of St. Petersburg is a political subdivision of the State of Florida and a municipality organized pursuant to the laws of the State of Florida.

**JURISDICTION AND VENUE**

10. I am bringing lawsuit because my employer, SPPD violated Title VII of Civil Rights Act of 1964s a, a mended. This Court has jurisdiction of these claims.

11. SPPD's violation of Title VII took place in Pinellas County, Florida. Venue is proper in the Middle District of Florida.

12. On December 13, 2015, I filed a charge of employment discrimination on the basis of race, sex, age and retaliation with the United States Equal Employment Opportunity Commission within 300 days of my termination. I have exhausted my administrative remedies with the EEOC and has met all administrative prerequisites for bringing this action. A copy of the Charge of Discrimination is attached as **Exhibit "A"**.

13. On January 5, 2016, the EEOC issued a Dismissal and Notice of Right to Sue letter (NORS) on the basis of race, sex, age and retaliation to the undersigned on my behalf. I received the notice on January 9, 2016. A copy of the Notice is attached as **Exhibit "B"**.

**BACKGROUND FACTS**

14. I started with the SPPD in 1998 as a Data Entry Clerk.

15. Sometime in 2001 or 2002, I was transferred to the Traffic Division and was an office assistant doing accident reports.

16. After the retirement of an officer, I became a Traffic Specialist and performed the duties of the retired officer. I, however, did not receive a raise for the job I was performing, nor did I get the position title.

17. The duties of the Traffic Specialist was to review citations that had been written by officers for accuracy, making needed corrections and sending them to the clerk's office.

18. In order to review the citations, I had the ability to open them up in the computer.

19. My co-worker, Officer Steve Bollie, who was a white male, was also able to open citations when he reviewed crash reports.

20. I worked with Officer Bollie for 5-6 years and never asked him to open citations for me even though we worked close together.

21. During the campaign for Police Chief in 2014, I campaigned for the black candidate by going door to door asking for votes. The other candidate running was white.

22. I was suspended for 20 days after the campaign supposedly for violating department policies.

23. Later, I was told by my supervisor, Lt. Cleven Wyatt, that I was not to open traffic citations for corrections. I was supposed to send incorrect citations back to the officer for correction and wait for it to be sent back to me so I could send it to the clerk.

24. The citations started piling up and to help move things along, I asked Officer Bollie to open citations for me, which I had never done before. Officer Bollie knew that I could not open citations, but he did it anyway.

25. The white candidate that I campaigned against was over the Traffic Division and was told about me correcting tickets.

26. I was reprimanded while officer Bollie was not disciplined at all.

## COUNT 1

27. Based on the facts as I stated above, I believe that I was discriminated against because I am black.

28. This is a violation of Title VII.

29. Officer Bollie who is a white male was not disciplined even though he opened up citations for me.

30. I should be compensated because the SPPD discriminated against me.

## COUNT 2

31. Based on the facts as I stated above, I believe that I was discriminated against because of my sex, female.

32. Officer Bollie who is a white male was not disciplined at all for helping me open citations.

33. This is sex discrimination and is a violation of Title VII.

34. I should be compensated because the SPPD discriminated against me.

## COUNT 3

35. Based on the facts as I stated above regarding my campaigning for the black police chief candidate and because I am a black employee who supported him, I believe that I was retaliated against by the white candidate.

36. I believe that the white candidate retaliated against be because I did not support her in the campaign.

37. The white candidate who was also the assistant chief of police retaliated against me by recommending that I be demoted (even though Officer Bollie was not disciplined for the same thing), recommending that I be suspended for 20 days without pay and that I be terminated on November 9, 2015.

38. I was intentionally treated differently than my white co-worker by the white candidate with respect to my protected rights and conditions of my job.

39. Based on this retaliation, SPPD has caused me to lost my pay.

**DEMAND FOR RELIEF**

This Court should rule that the SPPD violated Title VII and award me my lost wages up to present, $100,000.00 for my mental distress, humiliation and my benefits. The Court should also award any other relief that is appropriate under the circumstances.

Submitted by,

Sheila Cunningham
818 36th Avenue South
St. Petersburg, Florida 33705

VERIFICATION

UNDER PENALTIES of perjury, I declare that I have read the foregoing and the facts alleged are true and correct to the best of my knowledge and belief.

EXECUTED this 1 day of April, 2016.

Affiant

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared Sheila Cunningham, the person who filed the above Verified Complaint, who, after being duly sworn, deposes and says that the statements made in the above petition are true to the best of her knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and seal in the county and State last aforesaid, this 1 day of April, 2016.

NOTARY PUBLIC STATE OF FLORIDA
Notary Public State of Florida
Tina Capriola
My Commission FF 010324
Expires 04/21/2017

Notary Public, State of Florida

(SEAL)

My Commission Expires: 04/21/17